IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL ORME, an individual,

                    Plaintiff,

        v.

BURLINGTON COAT FACTORY OF OREGON,
LLC; BURLINGTON COAT FACTORY OF
WASHINGTON, LLC; and BURLINGTON COAT
FACTORY WAREHOUSE OF PORTLAND, INC.,

                    Defendants.

CV No. 07-00859-AS

OPINION
AND ORDER

_____

ASHMANSKAS, Magistrate Judge:

Presently before the court is defendants' Amended Motion to Dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure (No. 7), which seeks dismissal of plaintiff's tort

claim for wrongful discharge on the ground that it is precluded by 42 U.S.C. § 1981.  The parties

generally agree that, under Oregon law, the tort of wrongful discharge is an interstitial tort that is

available when an employee is discharged in violation of public policy and existing remedies would

not fully vindicate the public interest.  At issue is what comprises defendants' burden to establish

1 - OPINION AND ORDER

that the wrongful discharge claim is precluded.

Defendants assert that they need only show that the remedies provided by Section 1981are adequate to protect the interest plaintiff seeks to vindicate through his wrongful discharge claim. If so, defendants argue, the tort claim is superfluous and should be dismissed.  Plaintiff asserts that Olsen v. Deschutes County, 204 Or. App. 7, 14, rev. den., 341 Or. 80 (2006), imposes an additional burden on defendants to show that the legislature intended to abrogate the common law.  Defendants maintain that Olsen did not effect precedent in which *either* the adequacy of statutory remedies *or* the legislature's intent to abrogate the common law was considered sufficient to preclude a claim for wrongful discharge.  See, e.g., Cantley v. DSMF, 422 F. Supp. 2d 1214, 1220-23 (D. Or. 2006) (and cases cited therein).

The question is not one of first impression in this District.  The specific issue presently before this court—the preclusive effect of Section 1981 in the wake of Olsen—was previously addressed by Judge Hubel, who dismissed the tort claim based on the adequacy of the statutory remedies.  Henry, 2006 WL 4008709 *6-7.  Similarly, Judge Coffin recently relied on the adequacy of statutory remedies under ORS 659A.885 in dismissing a wrongful discharge claim.  Although he acknowledged the importance of legislative intent under Olsen, he concluded that the legislature's intent to preclude a wrongful discharge claim could be implied from the scope of remedies it made available under ORS 659A.885.  Fillman v. Officemax, Inc., 2007 WL 2177930 *10 (D. Or.).  In so doing, Judge Coffin noted Olsen's instruction:  "Where 'the statute is silent with respect to the legislature's intent  . . . in the absence of an explicit statement, the existence of adequate remedies can be seen implicitly to establish exclusivity.'"  Id., quoting Olsen, 127 P.3d at 661; see also Henry, 2006 WL 4008709 *7 (quoting same).

2 - OPINION AND ORDER

Plaintiff's argument—that <u>Olsen</u> places an additional burden on defendants to demonstrate the legislature's intent to abrogate the common law—is certainly colorable. Nonetheless, in light of <u>Henry</u> and <u>Fillman</u>, defendants' argument that they need only demonstrate the adequacy of statutory remedies is persuasive.

Section 1981 provides for equitable relief, back pay, compensatory damages, and uncapped punitive damages, in addition to attorney fees, which are not available to a party prevailing on a claim of wrongful discharge claim. <u>See Henry</u>, 2006 WL 4008709 *7 (D. Or.) (discussing available remedies). Consequently, the existing remedies under Section 1981 render plaintiff's wrongful discharge claim superfluous, and it is therefore precluded. The lack of an express declaration of legislative intent to that effect is not fatal to defendants' motion.

Defendants are entitled to judgment in their favor on plaintiff's wrongful discharge claim because it does not state a claim for which relief can be granted. For these reasons Defendants' Amended Motion to Dismiss Pursuant to Rule 12(b)(6) (No. 7) is GRANTED.

DATED this 8th day of August, 2007.


      /s/Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge

3 - OPINION AND ORDER