**BENJAMIN ROSENTHAL, OSB NO. 830828**
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, Oregon 97205
Telephone: (503) 226-6409
Facsimile: (503) 226-0903
Email: benrose@europa.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DANIEL ORME,<br><br>         Plaintiff,<br><br>   vs.<br><br><br><br><br><br>BURLINGTON COAT FACTORY<br>OF OREGON, LLC et al.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. CV 07-859-MO<br><br><br>PLAINTIFF DANIEL ORME'S<br>PETITION FOR ATTORNEY'S FEES<br>AND COSTS MEMORANDUM OF<br>SUPPORT THEREOF |

Plaintiff Daniel Orme (hereinafter "Plaintiff") hereby petitions the Court for an award of

attorneys' fees and costs as follows:

Page - 1 PLAINTIFF DANIEL ORME'S PETITION FOR ATTORNEY FEES AND COSTS
AND MEMORANDUM OF SUPPORT THEREOF

I.

INTRODUCTION

This is an employment action in which Plaintiff brought three claims for relief: retaliation

for raising concerns of race discrimination under 42 USC Section 1981; retaliation for raising

concerns of race discrimination under Title VII of the Civil Rights Act of 1964, 42 USC Section

2000e et seq; and retaliation for raising concerns of race discrimination under ORS chapter

659A.

Trial commenced on June 16, 2009 on Plaintiff's claims and a jury verdict was rendered

on Plaintiff's behalf on June 17, 2009. The jury awarded $375,000.00 in punitive damages and

$33,500.00 in non-economic damages. The Court separately ruled against Plaintiff in his claim

for economic damages on September 2, 2009.

Plaintiff Orme filed his Complaint on April 23, 2007. Plaintiff first met with his

attorney, Mr. Benjamin Rosenthal on April 27, 2006. Plaintiff seeks recovery for all Attorney

fees and costs incurred in the prosecution of his claims.

II.

PLAINTIFF'S PETITION FOR ATTORNEY'S FEES

Plaintiff Daniel Orme hereby seeks an award of attorneys fees in the amount of

**$ 137,265.00** Plaintiff has also filed herewith a Bill of Costs seeking an award of costs under 28

U.S.C. § 1920 in the amount of **$ 7,028.78** Ex 3. In support of this petition for attorney's fees,

costs and expenses, Plaintiff relies upon the Declaration of Benjamin Rosenthal, submitted

herewith

Plaintiff's attorney fee was derived by applying an hourly rate of $ 375.00 for all hours

Page - 2    PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND MEMORANDUM
FOR SUPPORT THEREOF

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, OR 97205
(503) 226-6409

worked by Benjamin Rosenthal through 2009. Mr. Rosenthal's hourly rate from 2006 through

the present is $ 375.00. Mr. Rosenthal seeks compensation for 316.12 hours of time spent at

$375 per hour. Other hourly rates claimed include legal assistant Michelle Nunnenkamp, who

assisted Mr. Rosenthal up through the pretrial stage at the hourly rate of $100.00, and Paralegal

Shannon Scheewe, who assisted Mr. Rosenthal up through the pretrial and trial stage at the

hourly rate of

$ 150.00. Ms. Nunnenkamp worked a total of 75.10 hours at the hourly rate of $100.00. Ms.

Scheewe worked a total of 74.20 hours at the hourly rate of $150.00. Although, as will be

demonstrated, the law authorizes a multiplier of the total amount charged by a factor of 1.3 to 3,

plaintiff is not claiming any multiplier.

III.

STATEMENT OF LAW

**A. General Fee Award Standards:**

In determining a reasonable attorney's fee under U.S.C. § 1988, the district court first

calculates the lodestar by multiplying the number of hours it finds the prevailing party reasonably

expended on the litigation by a reasonable hourly rate, *McGrath v. County of Nevada*, 67 F, 3d

248, 252 (9th Cir. 1995). Under similar federal civil rights laws the starting point in the

calculation of a reasonable attorney fee is the lodestar figure. *Miller v. Los Angeles County*

*Board of Education*, 827 F2d 617, 621 (9th Cir. 1987). This figure is determined by multiplying

the number of hours reasonably expended on the litigation times a reasonable hourly rate.

*Hensley v. Eckerhart*, 461 US 424, 433 (1983). This lodestar fee is presumptively reasonable

and upward or downward departures from this amount require an articulable rationale from the

Page - 3      PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND MEMORANDUM
              FOR SUPPORT THEREOF

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, OR 97205
(503) 226-6409

Court against the consideration of twelve relevant criteria set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F2d 67 (9 Cir 1975), *cert. den*, 425 US 951 (1976).[1] . Failure of the Court to deviate from this lodestar fee without articulating which *Kerr* factors influenced its decision warrants reversal for an abuse of discretion. See *Quesada v. Thomason*, 850 F2d 537, 539 (9 Cir 1988). The *Kerr* factors are:

    (1)    the time and labor required;

    (2)    the novelty and difficulty of the questions involved;

    (3)    the skill requisite to perform the legal service properly;

    (4)    the preclusion of other employment by the attorney due to acceptance of the case;

    (5)    the customary fee;

    (6)    whether the fee is fixed or contingent;

    (7)    time limitations imposed by the client or the circumstances;

    (8)    the amount involved and the results obtained;

    (9)    the experience, reputation, and ability of the attorneys;

    (10)    the undesirability of the case;

    (11)    the nature and length of the professional relationship with the client; and

    12.    awards in similar cases.

The factors to be considered in determining the reasonable number of hours and the reasonable hourly rate are: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representations, the results obtained, and the contingent

---

[1] The Kerr factors have been subsumed within ORS 20.075.

Page - 4    PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND MEMORANDUM
FOR SUPPORT THEREOF

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, OR 97205
(503) 226-6409

nature of the fee agreement. *Morales*, 96 F. 3d at 364 n.9. The prevailing market rate in the

community is indicative of a reasonable hourly rate. *Blum v. Stenson*, 456 US 886, 898-900

(1984); *Parrott v. Carr Chevrolet, Inc.*, 156 Or App 257, 283, 965 P2d 440 (1998). The relevant

market rate is the rate "prevailing in the community for similar services by lawyers of

comparable skill, experience and reputation." *Blumm.*, at n. 11. A court may accept the lawyer's

customary rate as the reasonable rate. *Caffey v. Northwest Airline, Inc.*, 746 F2d 417, n. 88 (DC

Cir 1984). One federal judge in this district has stated that in civil rights fee awards "the highest

rate charged to private clients for complex federal cases in a particular legal market should

presumptively apply." *Martino v. Carey*, 568 F Supp 848, 850 (D. Or 1983).

The determination of hours reasonably incurred is essentially a factual inquiry. Counsel

for the prevailing party should make a good faith effort to exclude from a fee request hours that

are excessive, redundant or unnecessary. *Hensley v. Eckerhart*, 461 US 424, 433 (1983).

However, absent evidence that specific hours were excessive, redundant or unnecessary, a court

should base its award to plaintiff on all hours reasonably incurred. *Moore v. Jas. H. Matthews &*

*Co.*, 682 F2d 83, 839 (9th Cir. 1982).

Although plaintiff is entitled to a multiplier award, plaintiff is not requesting any

multiplier in this case, but rather is merely requesting payment of his lodestar fee, i.e. the amount

of the product of the time expended and his attorney's hourly rate. Taking into account the

following factors under 42 U.S.C. § 1988, which may be considered in arriving at the lodestar

figure of **$ 137,265.00** this amount is reasonable.

1.     Conduct of Parties

Plaintiff contends that defendants' conduct in terminating him in retaliation for raising

PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND MEMORANDUM
FOR SUPPORT THEREOF

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, OR 97205
(503) 226-6409

concerns of race discrimination was reckless if not outright wilful to warrant imposition of the fee requested.

2.    Objective Reasonableness of the Asserted Defense.

Plaintiff contends that it was not reasonable for Defendant Burlington to claim that it had legitimate, non-discriminatory business reasons to take the actions that affected Plaintiff.

3.    Would the Award Deter Good Faith Claims or Defenses

Unless plaintiff is awarded the full amount of time his attorney expended on this case, other similar good faith claims may eventually not be brought. Mr. Rosenthal from 2006 to date has incurred costs in the amount of no less than $7,000 in prosecuting this case. These costs remain unpaid and given plaintiff's impecunious status, most likely would have remained unpaid and uncollectible should plaintiff not have prevailed. Rosenthal Affidavit. Hence unless plaintiff is awarded his attorney's fees this case and other cases like it would be too cost prohibitive to bring to trial and would not get to trial. The requested fee award would not deter good faith defenses from being made.

4.    Dilligence During the Proceedings

Burlington put a great deal of time into defending these claims. Burlington filed a motion for summary judgment, a challenge to the Magistrate's decision on such motion, a rule 12 motion to dismiss, and additional post trial motions - all of which Plaintiff expended and continues to expend - a great deal of time responding to.

5.    Settlement Pursuit

Plaintiff attempted to settle this case and Defendants did not participate in this attempt at resolution. Correspondence reflects that as early as January 3, 2008 plaintiff offered to enter

Page - 6        PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND MEMORANDUM
                FOR SUPPORT THEREOF

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, OR 97205
(503) 226-6409

into negotiations with Defendants with an opening demand of $ 60,000 however Defendants did

not acknowledge nor respond to this good faith offer. Plaintiff hoped to enter into negotiations

with Burlington which possibly would have resulted in settlement. Burlington refused to

negotiate with Plaintiff.

6.    Time and Labor Required

Benjamin Rosenthal to date expended **316.12** hours in the prosecution of this case. Ex 1.

Other time claimed include 75.1 hours for Ms. Michelle Nunnenkamp, Mr. Rosenthal's former

legal assistant who assisted him through the pretrial stage at the hourly rate of $100.00 and 74.2

hours for Shannon Scheewe, Mr. Rosenthal's current paralegal who assisted Mr. Rosenthal

through the pretrial and trial stage at the hourly rate of $150.00. *Id.*

Plaintiff's attorney was required to assist plaintiff before the Oregon State Bureau of

Labor and Industries, draft the complaint, conduct discovery (which was extensive), participate in

six depositions, interview numerous present and former Burlington employees, sift through a

tremendous amount of documents, draft both a request for production and a set of

interrogatories, respond to both an original and supplemental request for production and a

request for interrogatories. Plaintiff's attorney was also required to prepare responses to a

motion for summary judgment, its appeal and a rule 12 motion to dismiss.

The case was tried in two days before a jury and one day before the Court, and further

required witness interviews, drafting of motions in limine, trial briefs, and jury instructions and

the preparation of 64 trial exhibits. Additional time is now being expended in preparing

Plaintiff's post trial motions and arguing against Defendant's Motion for New trial. Finally,

additional time was required in preparing this Petition for Attorney Fees and Costs and it is

Page - 7    PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND MEMORANDUM
FOR SUPPORT THEREOF

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, OR 97205
(503) 226-6409

anticipated that more time will be expended in supporting such fees and costs at hearing of this

matter. Ex 1.

7.    The Novelty and Difficulty of the Questions Involved:

The civil rights issues involved in this case are to be treated for purposes of establishing

the lodestar figure similarly as other complex litigation. Given the amount of documentation in

the case, the underlying caselaw, the numerous witnesses and the length of the life of the case,

the case was difficult to prosecute.

8.    The Skill Required to Perform the Legal Services:

Plaintiff's counsel has been litigating employment cases for 22 years and he has been a

trial lawyer for 26 years. There are a limited number of attorneys in the Portland Metropolitan

area who understand the complexity inherent in employment law cases.

9.    Preclusion of Other Employment

Mr. Rosenthal accepted this case on April 27, 2006. On average Mr. Rosenthal receives

approximately 100 telephone calls per month. Because of the time expended on this case,

plaintiff's counsel was precluded from accepting other fee generating cases.

11.    Whether the Fee is Fixed or Contingent

The fee is necessarily contingent. Plaintiff could not afford to pay an attorney an hourly

fee. Counsel accepted the risk in taking the case that he would be paid nothing if plaintiff did not

prevail. Through trial plaintiff incurred costs of over $ 7,000.00, most of which would have gone

unpaid. Plaintiff's counsel is a solo practitioner. Most of his cases result in a 4 - 5 day jury trial

and involve 200 to 300 hours of attorney time. Losing any contingent case therefore could have a

great impact on such a practice. Rosenthal Affidavit.

Page - 8    PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND MEMORANDUM
FOR SUPPORT THEREOF

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, OR 97205
(503) 226-6409

12.    Time Limitation

This was not a factor.  However the delay in obtaining payment for plaintiff's expended

attorney's time and costs is a factor.  The delay in payment refers to the diminution in value of the

fee from the date services are rendered to the date when payment is actually received.  As of this

date Mr. Rosenthal received virtually no payment for any of the hours and most of the costs

incurred.   Ex 1.  Plaintiff initially filed this case in April 2007 - over 30 months ago and

commenced representing plaintiff in April, 2006.  Under this factor, plaintiff is entitled to an

enhanced fee.

13.    The Amount Involved and the Results Obtained

Plaintiff obtained judgment in the amount of $ 408,500.00  after a three day trial.

Plaintiff prevailed and recovered punitive damages in the amount of $375,000.00 and non-

economic damages in the amount of $33,500.00.   The results obtained were excellent

considering that Defendant made no offer in the case.

In any event, the amount of the money in issue is not a limitation to an award of attorney

fees particularly when the time was incurred in response to the tenacious posture of Defendant.

*Willamette Production Credit v. Borg-Warner Acc.*, 75 Or App 154, 706 P2d 577 (1985) (amount

at issue is not a limitation to award since otherwise it would allow obstreperous defense to force

abandonment of the claim).  Moreover, federal precedent in civil rights cases further supports

*Willamette* that fees need not be proportional to the amount of damages recovered in civil rights

cases.  See *City of Riverside v. Rivera*, 477 US 561, 576 (1986); *Romberg v. Nichols,* 970 F2d

512, 518-19 (9 Cir 1992) (recovery of damages of $ 1.00 does not restrict the recovery of

attorney fees in the amount of $ 29,000 since vindication of civil rights often includes important

Page - 9      PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND MEMORANDUM
              FOR SUPPORT THEREOF

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, OR 97205
(503) 226-6409

social benefits that are not reflected in damages awarded); *Shoop, supra,* Fed Dist Oregon,

Opinion and Order, p.12 (Where Judge Stewart awarded plaintiff's attorney

$ 158,665.00 for the recovery of $ 75,000 in settlement on the eve of trial recognizing that fees

need not be proportional to recovery in civil rights cases.)

14.    The Experience of the Attorneys

Plaintiff's attorney is an experienced employment rights lawyer.  Defendant's attorneys

were also experienced.

15    The Undesirability of the Case

This is civil rights litigation.  Plaintiff's attorney practices it almost exclusively.  These

cases, due to their factual and legal complexity are not highly desirable to the general Bar.

16    The Nature and Length of the Professional Relationship

This was not a factor.

17.    Awards In Similar Cases

As Stated, Judge Stewart in *Shoop, supra.,* CV-00-463-ST (May 1, 2002) awarded

plaintiff's attorney $ 158,665.00, in the settlement recovery of $ 75,000 the day before trial in a

Title VII sexual harassment claim against the United States Post Office. This case is similar

although the case did not settle.  Plaintiff was required to incur the risk of trial.

IV.

OSB STATE BAR ECONOMIC SURVEY OF 2008

Mr. Rosenthal has been practicing law for 26 years. Rosenthal Aff. ¶  According to the

Oregon State Bar Economic Survey of 2008, ( The Bar Survey) the average hourly billing rate for

Portland attorneys admitted in practice from 26 to 28 years is $345; the median rate is $350. Ex

Page - 10     PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND MEMORANDUM
FOR SUPPORT THEREOF

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, OR 97205
(503) 226-6409

2. Thus the Bar Survey rates dictate a conclusion that the rate of $375 for attorney Rosenthal is warranted, particularly when inflation since 2008 is taken into account along with the contingent nature of this type of case, the time and labor required and the experience, reputation and ability of Mr. Rosenthal. The Economic Survey takes many variables into account including the Defense Bar's billing rate which is often discounted based on a consistent predictable return of payment for hours expended. Solo Practicing contingency attorneys such as Mr. Rosenthal do not have such a practice and thus are not afforded the luxury of being able to discount their hourly rates such as Defense Attorneys. Based on the forgoing, an hourly rate of $375 is reasonable.

## V.

## AVAILABILITY OF A MULTIPLIER

Should the court determine that the hourly rates sought by Plaintiff are higher than prevailing market rates in the community would dictate, the Court should consider applying a multiplier to any lower rate that the Court deems appropriate given the fact that Plaintiff prevailed on her claims. It is well-settled that federal court will use state law in calculating the attorney fees to be awarded on a state claim. *See Mangold v. California Public Utils. Comm'n,* 67 F.3d 1470 (9th Cir. 1995). Under state law a multiplier would be appropriate in this case due to the contingent nature of the attorneys fees to be earned, the difficulty and the result of the trial, and the substantial delay suffered by the plaintiff in receiving payment. *See Griffin v. Tri-Met,* 112 Or. App. 575, 584, 831 P.2d 42, 47 (1992), *aff'd in part and rev'd in part,* 318 Or. 500, 870 P.2d 808 (1994) (court allowed a multiplier to counsel's hourly rate based upon factors including the time devoted to the case, the difficulty and complexity of the issues involved, the nature of

Page - 11     PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND MEMORANDUM FOR SUPPORT THEREOF

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, OR 97205
(503) 226-6409

the proceedings, the value of the interests involved, the result obtained and the skill and standing of counsel).

## VI.    COSTS AND EXPENSES.

Expenses which may be taxed as costs against the losing part are enumerated in 28 U.S.C. § 1920. Additionally, under § 1988, a court may award a "reasonable attorney's fee as part of the costs." Under 42 U.S.C. § 1988, out-of-pocket expenses normally incurred by an attorney and charged to the client are recoverable costs. *See Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1216 n.7 (9th Cir. 1986) ("Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees under section 1988."), *amended on other grounds,* 808 F.2d 1373, (9th Cir. 1987); *see also Harris v. Marhoefer,* 24 F.3d 16, 19 (9th Cir. 1994) (same).

Plaintiff has filed a Bill of Costs herewith seeking an award of costs in the amount of **$ 7,028.78** for costs necessarily incurred in connection with the trial of this matter. The litigation expenses are recoverable because they are the type of expenses charged to clients and are not considered part of his practice's overhead. Exhibit 3.

## VII.    CONCLUSION.

For the foregoing reasons, the court should grant Plaintiff's Petition for Attorneys Fees, Costs and Expenses and award to plaintiff the following amounts:

Attorney's Fees in the amount of **$137,265.00**

Costs in the amount of **$ $ 7,028.78**

Plaintiff further requests leave to supplement this petition to seek compensation for future fees and costs associated with this petition.

Page - 12      PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND MEMORANDUM
FOR SUPPORT THEREOF

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, OR 97205
(503) 226-6409

DATED: October 13, 2009                    Respectfully Submitted,


                                           /s/ Benjamin Rosenthal
                                           Benjamin Rosenthal, OSB 83082
                                           Attorney for Plaintiff

PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND MEMORANDUM
           FOR SUPPORT THEREOF

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, OR 97205
(503) 226-6409

## CERTIFICATE OF SERVICE

I hereby certify that on October13, 2009, I, Shannon Scheewe, electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

Clarence Belnavis
Jennifer Nelson
Fisher & Phillips LLP
111 SW Fifth Avenue, Suite 1250
Portland, OR 97204
Fax: 503-242-4263
Email: cbelnavis@laborlawyers.com
Email: jnelson@laborlawyers.com


/s/ Shannon Scheewe
Paralegal to Benjamin Rosenthal, OSB 830828

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill St Ste 200
Portland, OR 97205
(503) 226-6409