**Benjamin Rosenthal, OSB No. 830828**
1023 SW Yamhill St. Ste 200
Portland, OR 97205-2536
email: benrose@europa.com
telephone: 503-226-6409
facsimile: 503-226-0903

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| DANIEL ORME, | ) |
| | ) |
| Plaintiff, | ) CASE NO. CV 07-859-MO |
| | ) |
| | ) PLAINTIFF'S REPLY MEMORANDUM |
| | ) IN SUPPORT OF HIS ATTORNEY |
| v. | ) FEES AND COSTS |
| | ) |
| BURLINGTON COAT FACTORY | ) |
| OF OREGON, LLC et al., | ) |
| | ) |
| Defendants. | ) |

    Plaintiff herein provides the court with a reply to Defendants' opposition to Plaintiff's Petition and Supplemental Petition for Attorney Fees and Costs.  Although it is not possible to respond to each of Defendants' objections in this brief reply, by failing to respond to each point Plaintiff does not accept Defendants' Position.

    In his original Petition for Fees, Plaintiff seeks recovery of an award for attorney fees through October 13, 2009 in the amount of $137,265 and costs in the amount of $7,028.78.  In Plaintiff's Amended Supplemental Petition, Plaintiff seeks recovery of a supplemental post trial award in the amount of an additional $23,532.75 in fees and $255.25 in costs[1].  Plaintiff is currently not seeking recovery for the time expended in drafting this Reply and the time and further costs incurred in

---

[1] $95 of this supplemental cost was incurred in June 5, 2009 for the service of process fee on Dorothy Jacobson, which mistakenly was not originally included in Plaintiff's filed Bill of Costs.

responding to Defendant's opposition to Plaintiff's Fee Petition.  Plaintiff's total sought after recovery thus is **$160,797.75** in Fees and **$7,284.03** in costs.

**I. Defendants Concede That The Time Expended Is Reasonable**

Plaintiff filed an Expedited Motion to Compel the records of Defendants Counsels' billing records.  In their response Defense Counsel conceded to the issue of whether the time expended on the case was reasonable, asserting, ". . . Defendant does not oppose Plaintiff's attorney fee petition on the grounds that the amount of time expended was unreasonable."  Defendants' Opposition To Plaintiff's Motion to Compel The Production Of Defense Counsel's Billing Records, p.2.  Further, in footnote 1, Defense Counsel repeats, "Defendant does not argue that the amount of time expended by Plaintiff's counsel was excessive. . . "  Thus no issue remains for the Court to Consider whether the time expended in prosecution of Plaintiff's claims was excessive.   Defendants agree the total time was not excessive.

**II. Plaintiff's Billing Records Are Adequate**

Rather, Defendants' effort is directed at reviewing each of Plaintiff's billable entries contending that they are vague, insufficiently detailed and/or block billed.  Assuming *arguendo*, Defendants are correct in their supposition, they have waived their right to object since they have <u>admitted</u> that the total amount of time expended by Plaintiff's Counsel and his counsel's staff is reasonable.  The record keeping is now irrelevant.  That is to say that Plaintiff's billing records, even if deficient would cause no change in the outcome.  Defense Counsel has already agreed that the time expended upon which the fees are based is reasonable in amount.  The only objection that remains is the amount of hourly rate of Plaintiff's attorney and his staff.[2]

In any event, Plaintiff herein submits a copy of excerpts of the Office's primary billing

---

[2] Ms. Meagan Flynn, appeared in behalf of Plaintiff post trial and prepared Plaintiff's response to Defendants' motions challenging the punitive damage award.  Defendants apparently do not object to her hourly rate of $325 or her time expended on the work.  *See* Flynn Declaration, attached to Plaintiff's Supplemental Fee Petition.

Page - 2      PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS ATTORNEY
              FEES AND COSTS

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill
Portland, OR 97205
(503) 226-6409

records to further clarify the disputed parts of the billing statement. Rosenthal Declaration, Attachments 1 and 2. Both Mr. Benjamin Rosenthal and his paralegal Assistant Ms. Michelle Nunnenkamp maintained these records on a daily basis. Rosenthal Declaration. These records further delineate and explain the tasks involved. Rosenthal Declaration, Attachment 1 and 2. Plaintiff reproduces Defendant's concerned entries incorporating the information from the primary billing records in a spread sheet in bold text. *See* Rosenthal Declaration, Attachment 3.

**A. Entries in Dispute For Blocked Billing**

Block billing for purposes of the Federal Court in the District of Oregon is defined as:

> any time entry of three or more hours either containing four or more tasks, or in the alternative containing only two tasks, where one of the two tasks could have taken anywhere from a small to a substantial amount of time. *See e.g. Hells Canyon Pres. Council v. United States Forest Serv.*, 2004 US Dist Lexis 17113, 21-22 (D.OR 2004); *Frevach Land Co. v Multnomah County*, 2001 US Dist Lexis 22255, 34 (D.OR 2001); *Oberdorfer v. Glickman*, 2001 US Dist Lexis 14677, 12-13 (D. OR. 2001)

Defendants' objected-to entries are either not block billed since they contain combined entries less than three hours with more than two tasks all of which are not substantial (*eg*., as in secretarial entry for 8/7/07, Attachment 3, p.1) or as noted in Plaintiff's entries as supplemented by the primary billing statements, they are separately segregated (eg., Ben entry 5/6/09, Attachment 3, p2). Plaintiff seeks recovery of all the disputed time listed by Defendants as block billed for the reasons mentioned in Attachment 3, pp 1-3, Rosenthal Declaration, Attachment 3, pp 1-3

In any event, even if some of the entries can be considered block billed, that is not necessarily sufficient cause to disallow the hours expended providing all of the tasks are related. *See Dunn v. CSK Auto, Inc*, 2006 U.S. Dist. Lexis 82724 *8 (D. Or 2006)(cited by Defendant, which allowed a block bill of 13.1 hours since it all related to the activity of traveling to Sacramento to take a deposition.) The underlying pertinent question is from the billing can you assess the reasonableness of the time spent on the task. None of the entries identified as block billed, impede the task of

Page - 3    PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS ATTORNEY FEES AND COSTS

assessing their reasonableness.

### B. Entries in Dispute For Insufficient Detail

Many of the entries falling under this category are listed by Defendants in isolation of other entries. When viewed in the context of their surrounding entries the subject matter of the entry is made clear. *See Dunn v. CSK Auto, Inc*, 2006 U.S. Dist. Lexis 82724 *9 (D. Or 2006)**(**which allowed entries for this reason.) For example, Mr. Rosenthal's June 1, 2009 entry related to the submission of pre-trial documents. Rosenthal Declaration, Attachment 3, p 8. The amount of 7.8 hours relating to these tasks clearly is not excessive. In the same light the entry for June 17, 2009 which is defined as "Attendance at court for day 2 of trial/ wait for jury deliberations following close" is sufficient to determine their reasonableness. Attachment 3, p. 8. Plaintiff directs the Court to Attachment 3 for further elaboration on these issues.

### C. Entries in Dispute as Duplicative

Defendant contends that some of the entries are duplicative. Opposition, p. 20. Throughout this case Plaintiff was assisted by one attorney and one paralegal. This is not a case where duplicative billing occurred. It is appropriate for counsel to delegate to a paralegal and seek such assistance and to be able to bill out for such assistance. All entries listed are delegated tasks which were not duplicated by Mr. Rosenthal and his staff.

### III. Plaintiff Is Entitled To Recovery of Ms. Nunnenkamp's Paralegal Time

Defendants request that the Court deny recovery of Ms. Nunnenkamp's time because she was not adequately trained as a Paralegal. Defendants' Opposition, pp4-5. Ms. Nunnenkamp's Declaration clarifies that she possessed a Paralegal Certificate from Portland Community College and was adequately skilled in this regard. Nunnenkamp Declaration. Ms. Nunnenkamp's paralegal time, charged at the hourly rate of $100 is justifiable. *See* Declaration of Phil Goldsmith, p. 8, attached hereto (which based on a survey of 49 paralegals recognized a January 1, 2008 hourly rate averaging $154 as reasonable.) *See also Dunn v. CSK Auto, Inc*, 2006 U.S. Dist. Lexis 82724 *9

Page - 4     PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS ATTORNEY
             FEES AND COSTS

1  (D. Or 2006) (which acknowledges as reasonable the billing of paralegal time)

**IV. Many of the Tasks Identified as Clerical Are Not.**

Defendants set out numerous tasks as clerical in nature and not billable. Defendants Opposition, pp 8-22. Defendants are wrong. *Willamette Production Credit Assoc. v. Borg Warner*, 75 Or App 154, 158-59, *rev den* 300 Or 477 (1986) recognizes such recovery when the billing is attributed specifically to the client. Here, the billed secretarial time was not general to the Office. As shown in detail the time billed was specifically expended in pursuit of the collection of Defendant's wage claim. In *Shoop v. US Postal Service*, CV-00-463-ST (May 1, 2002), Judge Stewart awarded attorney Danny Hitt an hourly rate of $ 225 while awarding his assistants hourly rates of $ 80 for a total of $ 158,665.00. Defendant seeks similar relief.

In any event any function entered as prepared, edited, reviewed, drafted, teleconferenced, or researched are not clerical. *Dunn* at 9, *id*. Should the Court disallow entries labeled as clerical, Plaintiff seeks that any entry containing such indication be billable as not clerical time.

**V. Plaintiff's Attorney's Hourly Rate of $375 is not Excessive.**

Plaintiff seeks recovery of his attorney's hourly rate of $375. With respect to the economic survey analysis Plaintiff requests that the Court refer to the Declaration of Mr. Phil Goldsmith who opines that a reasonable hourly rate be based on the rate charged in the area for complex antitrust and commercial litigation. Goldsmith Declaration, p.3 (*citing City of Burligton v. Dague,* 505 US 557, 562 (1992). Mr. Goldsmith further states that of the 24 litigators handling antitrust and unfair competition/unfair business practices cases, two thirds reported hourly rates of $375 or greater. Goldsmith, p. 5. Mr. Goldsmith explains why *Dunn v. CSK Auto, Inc.*, 2006 U.S. Dist LEXIS 82724 (D. Or. 2006)(cited by Defendants to suggest an hourly rate of $259) is inapt. Based on various surveys, Mr. Goldsmith concludes that Mr. Rosenthal's hourly rate of $375 is within the range of market rates for commercial litigation lawyers who were admitted to practice in 1983. *Id.,* p.8

Additional evidence of hourly rates from other practitioners with similar experience and

Page - 5      PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS ATTORNEY FEES AND COSTS

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill
Portland, OR 97205
(503) 226-6409

practice emphasis include: Mr. David Paul who has practiced for twenty four years and charges an hourly rate from $385 through $425, depending on the type of case. Paul Declaration, p3; Mr. Stephen Brischetto whose hourly rate is $350 and has been practicing in private practice since 1983 Brischetto Declaration, p. 4; and Mr. Mark Morrell, who currently bills at the hourly rate of $325 and has been practicing with an emphasis in employment law since 1985. Morrell Declaration, p.2. Additionally as pointed out in Plaintiff's Fee Declaration are the hourly rates of Mr. Larry Sokol, a practitioner of 32 years who in 2005 charged an hourly rate of between $400 and $450 and Mr. Craig Crispin, an employment attorney with 25 years of experience who charges an hourly rate of $385 for employment litigation. Rosenthal Declaration, submitted 10/13/09.

Mssrs Paul, Brischetto and Morrell all opine that Mr. Rosenthal's hourly rate of $375 is commensurate with that charged in the Portland community by employment lawyers with similar years of experience. *Ibid*. A factor to consider by all in the determination of the reasonable hourly rate is the consideration that the cases Mr. Rosenthal takes on are contingent and there is a risk associated with such contingency that Mr. Rosenthal if he lost at best would not get paid a fee or at worst would not even recover some of the out of pocket costs expended in pursuit of the claims.

Finally, this Court in 2008 recognized the hourly rates of Mark McDougal and Gregory Kafoury as billing at $300 and $350, respectably, as reasonable in *Shumacher v. City of Portland*, 2008 WL 219603, *10 (D. Or 2008). Rosenthal Declaration, Attachment 5. In *Schumacher*, Judge Mosman determined that based on the 2002 Oregon State Bar Economic Survey adjusted for inflation, these rates were within the range of fees, customarily charged for the services they rendered. *Id* at 10. Mr Dougal has been practicing law since 1989 and Mr. Kafoury has been practicing law since 1977.

Based on the forgoing Mr. Rosenthal's hourly rate of $375 is reasonable and within the range of hourly rates charged in the community.[3]

---

[3] Ms. Meagan Flynn's hourly rate of $325 has not been challenged.

Page - 6    PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS ATTORNEY
            FEES AND COSTS

**VI.  Defendant's Costs Are Taxable To Plaintiff.**

    1. Photocopy Costs

Defendants seek to disallow the costs of photocopy expenses.  The bulk of the expenses were incurred for copying documents produced in discovery, submitted to the Court or used for exhibits at trial.  Under 28 USC § 1920 these costs are allowable.  Although Defendants allege that many charges were incurred for copies prepared for the convenience of the attorneys, such allegation is without support.  Plaintiff only has one attorney.  As a result, multiple copies of documents were not necessary unless the Court or opposing counsel required them.  Defendants also suggest that Plaintiff billed twice for a $657 transcript.  Defendants' Opposition, p 26.  Although Plaintiff did mistakenly bill that amount twice in its billing statement, the double billing does not occur in the separately submitted Bill of Costs.  In the Bill of Costs for copies Plaintiff seeks a total **$1,493.07**, not $2,138.43 alleged by Defendants.

    2. Demonstrative Exhibits

Defendants seek to disallow the $767 expense for the demonstrative exhibits used at trial.  The exhibits were helpful during the opening and closing arguments, if not during the trial testimony of the case.  The costs respectfully, should be allowed.

    3. Medical Records

The billed for medical records are records relating to Mr. Orme's worker compensation injuries.  A factual contention existed as to why Plaintiff left certain jobs he took after he left Defendants' employ.  In support of defending Plaintiff against any failure to properly mitigate his economic losses, Plaintiff was required to obtain discovery of these medical files.  They were related to the litigation and should be allowable.

    4. Transcription for Depositions/Witness Fees

Defendants seek to disallow his costs expended by Court Reporters for transcription services

Page - 7    PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS ATTORNEY FEES AND COSTS

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill
Portland, OR 97205
(503) 226-6409

and witness fees for the mere reason that the invoices have not been supplied. Plaintiff submits the invoices in support of such charges. Rosenthal Declaration, Attachment 5. Plaintiff cannot find the invoice however for the transcription cost for Plaintiff's deposition transcript but avers that the cost of such transcript is $277.20. Rosenthal Declaration

    5. <u>Parking Expenses</u>

These expenses were specifically incurred due to having to attend the Court trial. The expenses would not have been incurred otherwise. They are specifically attributable to the prosecution of the case. Plaintiff respectfully respects that these costs be allowable.

**VII.  Conclusion**

Plaintff herein moves for recovery of **$160,797.75** in Fees and **$7,284.03** in costs. Plaintiff does not seek recovery for the completion of this Reply or any expert witness fee incurred as a result of the creation of Declarations which supported this Reply.

DATED this 5th Day of February, 2010.

                                              Respectfully Submitted,

                                              /s/Benjamin Rosenthal
                                              Benjamin Rosenthal, OSB 83082
                                              Attorney for Plaintiff

Page - 8   PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS ATTORNEY FEES AND COSTS

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill
Portland, OR 97205
(503) 226-6409

# CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2010 I electronically filed the foregoing **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS ATTORNEY FEES AND COSTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Clarence Belnavis
> Jennifer Nelson
> Fisher & Phillips LLP
> 111 SW Fifth Avenue, Suite 1250
> Portland, OR 97204
> Fax: 503-242-4263
> Email: cbelnavis@laborlawyers.com
> Email: jnelson@laborlawyers.com

/s/ Brooke Zimet
Legal Assistant to Benjamin Rosenthal, OSB 830828

Page - 9   PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS ATTORNEY FEES AND COSTS

BENJAMIN ROSENTHAL
Attorney at Law
1023 SW Yamhill
Portland, OR 97205
(503) 226-6409